# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| ANGELA SUE GALE, | CASE NO. 04-66657 |
| Debtor. | ADV. NO. 06-6106 |
| JOSIAH L. MASON, TRUSTEE, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | |
| ANGELA SUE GALE, | **MEMORANDUM OF DECISION (NOT INTENDED FOR PUBLICATION)** |
| Defendant. | |

Trustee Josiah L. Mason (hereafter "Trustee") filed an amended motion for summary judgment on December, 2006. This proceeding arises from Trustee's complaint, filed on June 12, 2006, whereby Trustee seeks to revoke the discharge of Defendant-debtor Angela Sue Gale (hereafter "Defendant" or "Debtor"). Debtor filed a response to Trustee's motion on December 29, 2006.

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS AND ARGUMENT

Debtor filed a chapter 7 petition on December 16, 2004 and received a discharge on April 7, 2005. Prior to discharge, at the 341 meeting held on February 24, 2005, Trustee determined that Debtor received federal and state income tax refunds which were property of the estate. According to an affidavit submitted by Trustee, the total monies due the estate, after considering applicable exemptions, was $2,713.70. Debtor failed to turn the non-exempt refunds over to the

trustee. As a result, Trustee filed a complaint to revoke Debtor's discharge on two grounds: obtaining a discharge through fraud and failure to advise the court of her new address. Debtor filed an answer the complaint and denied the substantive allegations. In her defense, she stated that she did not obtain the discharge by fraud and said she has been unemployed since April 2006 and could not raise the money sought by Trustee. According to her answer, the money was used for rent and living expenses for Debtor and her child. She admitted she was currently in Florida providing care for her father, but stated she moved after the discharge was granted.

In his amended motion for summary judgment, Trustee argues that there are no genuine issues of material fact and therefore he is entitled to judgment as a matter of law under 11 U.S.C. § 727(d)(2). According to Trustee, Debtor had an obligation to produce the estate's portion of the tax refunds and her failure to do so, coupled with her failure to advise the court of her new address, is fraudulent conduct supporting revocation of her discharge.

Debtor's response to the motion presents many of the same arguments and facts as her answer to the complaint. Debtor says the trustee was aware that she had already spent the funds at the 341 meeting and therefore the discharge was not obtained by fraud. Additionally, she argues that the original motion was filed late and also that section 727(d)(2) requires a hearing and none has been held. In a notarized letter attached to her response,[1] Debtor states she advised Trustee that the funds had been spent on school expenses and her children, not bills. She also denies moving prior to discharge and further advises the court she has not worked full-time since April, but is now returning to her seasonal job with Jackson-Hewitt.

## LAW AND ARGUMENT

### I. Standard for Summary Judgment

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a

---

[1] The court is cognizant of the limited evidentiary value of the letter. Although the letter is notarized, Debtor did not swear to the truth of the facts set forth in it.

reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); *see also* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## II. 727(d)(2)

Trustee relies on 11 U.S.C. § 727(d)(2) in his amended motion. That provision states, in applicable part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--
>
> \* \* \* \* \*
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee . . . .

The time frame for filing a complaint seeking revocation under section 727(d)(2) is found in 11 U.S.C. § 727(e)(2):

> (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge--
>
> \* \* \* \* \*
>
> (2) under subjection (d)(2) or (d)(3) of this section before the later of--
>
> (A) one year after the granting of such discharge; and
>
> (B) the date the case is closed.

Dealing first with the procedural issues raised by Debtor, the court finds the trustee has timely filed the complaint, and the motion for summary judgment, and further finds that trustee is in full compliance of the notice and hearing provisions of the bankruptcy code. Under section 727(e), the trustee could file a complaint by April 7, 2006 or the date the case closed, whichever occurred later. Since the case was still open at the time Trustee filed the adversary, the latest date had not yet been established. Therefore, Trustee was within the statute of limitations for filing this action. With regard to any argument that the motion was not timely filed, the court's order

of August 9, 2006 required dispositive motions to be filed by November 10, 2006. Trustee's original motion was filed on November 9, 2006. Upon the court's order, Trustee was granted to December 22, 2006 to file another motion for summary judgment. Trustee timely filed the present motion on December 20, 2006.

Debtor also suggests that 11 U.S.C. § 727(d) requires an actual hearing prior to revocation. "Notice and a hearing" are defined terms in the bankruptcy code. *See* 11 U.S.C. § 102(1). The court finds that Debtor has been given an appropriate notice in this proceeding: Trustee sent a summons to the address on record in this bankruptcy case to Debtor and bankruptcy counsel. She answered the complaint and responded to the motion for summary judgment, indicating actual knowledge. Similarly, Debtor's counsel participated in the pretrial conference held on August 9, 2006, at which time the court scheduled this adversary for trial. Debtor has had ample opportunity to be heard.

To succeed on a revocation action under section 727(d)(2), Trustee 'must establish the existence of two elements: (1) the debtor acquired or became entitled to property of the estate; and (2) the debtor knowingly and fraudulently failed to report or deliver this property to the trustee.' Sicherman v. Rivera (In re Rivera), 338 B.R. 318, 325 (Bankr. N.D. Ohio 2006) (quoting Yoppolo v. Walter (In re Walter), 265 B.R. 753, 760-61 (Bankr. N.D. Ohio 2001); In re Bowman, 173 B.R. 922, 925 (B.A.P. 9th Cir. 1994)). Trustee bears the burden of proof by a preponderance of the evidence. *See* id. 'Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation.' Humphreys v. Stedham (In re Stedham), 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005) (quoting Buckeye Retirement Co. v. Heil (In re Heil), 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003)).

There is no dispute with regard to the first element: the debtor acquired a tax refund which was estate property. Since it is apparent that Trustee was aware that Debtor received the refund, the crux of the matter is whether debtor knowingly and fraudulently failed to deliver the property to the trustee. *See* Campbell v. Buchanan (In re Buchanan), 2000 WL 33710888 (Bankr. D. S.C. 2000) (unpublished). "As used in § 727(d)(2), the phrase 'knowingly and fraudulently' requires that the debtor's actions must have been taken with the knowing intent to defraud the trustee, or be so reckless so as to justify a finding that the debtor acted fraudulently.' In re Walter, 265 B.R. at 761 (citing Werner v. Puente (In re Puente), 49 B.R. 966, 969 (Bankr. W.D.N.Y. 1985)). The totality of the circumstances are considered in determining whether a debtor acted knowingly and fraudulently. *See* In re Rivera, 338 B.R. at 325 (citing Matter of Yonikus, 974 F.2d at 905-06 (7th Cir. 1992); In re Helsel, Sr., 326 B.R. 591 (Bankr. W.D. Pa. 2005).

Whether Debtor's conduct was knowing and fraudulent is a question of fact. Trustee premised his argument on two facts: Debtor failed to turn over her income tax refunds and failed to provide the court with a current address. It is his position that this course of conduct, under these circumstances, indicates that Debtor acted with fraudulent intent. Debtor raised facts which, if true, suggest a lack of ill intent: she informed the trustee of the refunds and how they had been spent; explained that she did not have the money and was not in a position to make

payments, and upon receiving her discharge, erroneously thought the matter was over. There was no proof that Debtor knew that the refunds were estate property prior to the meeting of creditors. The refunds were spent prior to this date. Debtor also states that she moved after the discharge was entered and did not know that, after discharge, she was still under an obligation to report her address to the court. Viewing these facts in the light most favorable to Debtor, Debtor has raised a question of fact, regarding intent, which is central to the 727(d)(2) action. Since a genuine issue of material fact exists, summary judgment is not appropriate.

## CONCLUSION

As part of an action to revoke a discharge under 11 U.S.C. § 727(d)(2), a trustee must prove that a debtor had possession of, or acquired, property of the estate and that the debtor knowingly and fraudulently failed to deliver said property to the trustee. The latter element focuses on a debtor's intent, which is a question of fact. The trustee argues the facts, *per se,* indicate that Debtor acted knowingly and fraudulently in failing to turnover her income tax refunds and failing to update her new address with the court. Debtor, on the other hand, presents facts which, if true, would suggest a lack of fraudulent intent. The court cannot grant a motion for summary judgment in the face of contrary versions of fact. Therefore, trustee's motion is denied. A separate order shall be entered forthwith.

/s/ Russ Kendig

Russ Kendig
United States Bankruptcy Judge

JAN 1 7 2007

**Service List**

Josiah L. Mason
153 W. Main St.
P.O. Box 345
Ashland, OH 44805-2219

Wilbur H. Flippin, Jr.
30 S. Mulberry St.
Mansfield, OH 44902-1908

Angela Sue Gale
5452 Lime Road
Galion, OH 44833